State, Harris, pros., v. Mayor, &c., of Jersey City.

---

THE STATE, WILLIAM HARRIS ET AL., PROSECUTORS, v. THE MAYOR, ALDERMEN, &c., OF JERSEY CITY.

1. It must appear affirmatively that a commissioner appointed to assess in a particular case had the requisite qualifications. The distinction is between commissioners appointed to serve as officers of the corporation, and those appointed for a single case. In the former case, the qualification need not appear; in the latter it must.

2. An assessment made under section 51 of the charter of Jersey City of 1871, after the repeal of said section, is invalid, although the resolution to make it is passed by the board of finance and taxation before the repeal.

On *certiorari*.

Argued at February Term, 1875, before Justices WOOD-
HULL, VAN SYCKEL and SCUDDER.

For the plaintiffs, *James B. Vredenburgh* and *Linn.*

For the defendants, *Lewis.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The subject of controversy in this case
is the legality of the assessment for the improvement of New-
ark avenue, from Five Corners to old Jersey City line.

Section 40 of the charter of Jersey City requires the board
of public works to appoint three discreet persons, residents
and freeholders of Jersey City, to be commissioners of assess-
ments, who shall hold their offices for one year, and whose
duty it shall be to make all assessments for improvements
authorized by the charter; provided, that if any of said
commissioners shall be interested in the matter of any such
assessments, said board shall appoint some discreet and
impartial freeholder or freeholders, resident in said city, to
act in regard to such assessment in lieu of the commissioner
so interested.

Andrew B. Gayle was appointed to act, in this particular
case, in the place of Jasper Wandle, one of the commission-
ers; who was interested in the work.   The objection is, that
it does not appear, upon the face of the proceedings, that
Gayle had the requisite qualifications.   This defect vitiates
the proceedings.   The distinction is between commissioners
appointed to serve as officers of the corporation, for a speci-
fied term, and those appointed for a particular case.   In the
former instance, it need not affirmatively appear that they
had the prescribed qualifications; in the latter it must appear.
*State, Little, pros.,* v. *Newark,* 7 *Vroom* 170; *State, Hob.
Land & I. Co., pros.,* v. *Hoboken,* 7 *Ib.* 291.

The assessment was made under section 51 of the charter of 1871. Gayle was appointed commissioner March 27th, 1873, and the assessment was made November 10th, 1873, but on the 24th day of March, 1873, prior to either of these dates, the said 51st section of the act of 1871 was repealed, without any clause saving pending proceedings.

It is well settled, that the effect of a repealing clause on a prior statute, which confers a special jurisdiction, is to end all proceedings under it which are not closed at the time of the repeal, unless there is an exception in the repealing act. *State, Copeland, pros.,* v. *Passaic,* 7 *Vroom* 384; *Town of Belvidere* v. *Warren R. R. Co.,* 5 *Vroom* 193.

The repealed section provided, that whenever, in the opinion of the board of finance and taxation, it would be just that the expense of making the improvement should be assessed, not upon property fronting on it, but generally upon all property benefited, then the said board should so declare by resolution, a copy of which resolution should be filed with the clerk of the board of public works, and served upon each commissioner of assessments, and, therefore, the said expenses should be assessed accordingly by the commissioners.

The resolution was passed by the board of finance and taxation before the section was repealed, but the assessment was not made until long afterwards.

It is now insisted, on the part of the defendants, that all proceedings under this act were closed and ended when the said resolution was passed, and that the assessment was made by virtue of the resolution, and not by force of this section, and that, therefore, the validity of the assessment is not affected by the fact that this act was repealed before the assessment was made.

This position is clearly untenable.

It was under and by authority of the 51st section that commissioners could, in any case, proceed to assess all lands benefited, in accordance with a resolution of the board of finance and taxation.

Without the express power granted in that section to make the assessment, the resolution would be of no effect, and it is, therefore, manifest, that when the section is repealed there is no authority to the commissioners to act upon any such resolution.

The assessment must, therefore, be set aside as to the prosecutors.

Justices WOODHULL and SCUDDER concurred.